UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ESTATE OF ROBERT WHEELER, et al.,<br><br>　　　　　Defendants. | CASE NO. C19-0364JLR<br><br>ORDER |

Before the court is Defendant Kathleen McComb's motion for entry of default judgment against the Estate of Robert Wheeler ("the Estate"). (Mot. (Dkt. # 18).) The Estate has failed to appear in this interpleader action, which involves disputed life insurance proceeds. (*See generally* Dkt.; Compl. (Dkt. # 1).) Ms. McComb requests that the court enter default judgment against the Estate such that "the Estate take nothing from the disputed life insurance proceeds." (Mot. at 2.) Alongside her motion, Ms. McComb submitted a proposed order that purports to grant her motion for default judgment. (*See*

Prop. Order (Dkt. # 18-1).) The proposed order would direct Ms. McComb to submit a proposed judgment within 15 days of the date of the order. (*Id.* at 1.) The court finds that Ms. McComb's proposed order is meaningless: the court cannot grant a motion for default judgment against the Estate on the basis of an order that effectively defers entry of default judgment. (*See id.*) The court thus DENIES Ms. McComb's motion for default judgment, without prejudice to refiling the motion in accordance with Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55(b). *See* Fed. R. Civ. P. 55(b); Local Rules W.D. Wash. LCR 55(b).

The court further notes that Plaintiff Sun Life Assurance Company of Canada ("Sun Life") has not yet moved to deposit the disputed life insurance proceeds into the registry of the court.[1] (*See generally* Dkt.) In its complaint, Sun Life requests that the court "enter an Order . . . directing Sun Life . . . to deposit the life insurance proceeds due under the Policy in the amount of $332,000.00 into the registry of this Court, until the

//

//

//

//

---

[1] Sun Life asserts that this case is proper under both the federal interpleader statute, 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 22. (Compl. ¶¶ 22-34.) In a statutory interpleader action, the stakeholder must either deposit the disputed funds with the court or post a bond. 28 U.S.C. § 1335(a)(2). Rule interpleader does not require the stakeholder to deposit the disputed funds in the court's registry or post a bond. *See, e.g.*, *State Farm Life Ins. Co. v. Jonas*, 775 F.3d 867, 869 (7th Cir. 2014). However, rule interpleader stakeholders may obtain permission to deposit the disputed funds with the court, particularly if they are disinterested stakeholders who seek to be discharged from the litigation. *See* 1 Fed. R. Civ. P., Rules & Commentary Rule 22; (Compl. ¶¶ 22-34.)

issue of entitlement to the life insurance proceeds is adjudicated." (Compl. ¶¶ 27, 34.) The court will not enter an order to that effect absent a motion by Sun Life.

Dated this 15th day of July, 2019.

The Honorable James L. Robart
U.S. District Court Judge