UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF ROBERT WHEELER, et al., <br><br> Defendants. | CASE NO. C19-0364JLR <br><br> ORDER |

## I.   INTRODUCTION

Before the court are two motions: (1) Plaintiff Sun Life Assurance Company of Canada's ("Sun Life") motion for interpleader and dismissal (MID (Dkt. # 29)); and (2) Defendant Kathleen McComb's motion for default judgment against Defendant the Estate of Robert Wheeler ("the Estate") (collectively, "Defendants") (MDJ (Dkt. # 26)). Neither motion is opposed. (*See generally* Dkt.) The court has considered the motions, the parties' submissions in support of the motions, the relevant portions of the record, and

ORDER - 1

the applicable law.[1]  Being fully advised, the court GRANTS Sun Life's motion for interpleader and dismissal and GRANTS Ms. McComb's motion for default judgment.

## II.  BACKGROUND

This is a life insurance benefits case in which Sun Life has received conflicting claims for payment of $332,000 in proceeds from Robert Wheeler's life insurance policy ("the Proceeds").  (Compl. (Dkt # 1) ¶¶ 12-19.)  Sun Life insured Mr. Wheeler, now deceased, under a group term life insurance policy through his employer, Avanade, Inc. ("Avanade").  (*Id.* ¶ 12.)  Ms. McComb, who resides and is domiciled in California (*id.* ¶ 10), is Mr. Wheeler's parent and the named beneficiary of that policy (*id.*, Ex. B). Jennifer Armentrout, who resides and is domiciled in Washington (*id.* ¶ 9), was Mr. Wheeler's spouse at the time of his death (*id.* ¶ 15).  Ms. McComb and Ms. Armentrout each made a claim to Sun Life for the Proceeds.  (*Id.* ¶¶ 15-19.)

Mr. Wheeler died on November 5, 2018.  (*Id.*, Ex. C.)  Because he died intestate, the King County Superior Court appointed Ms. Armentrout as the administrator of his estate.  (*See id.*, Ex. E.)  Ms. Armentrout's attorney sent letters to Avanade on December 11, 2018, and Sun Life on January 2, 2019, notifying each recipient that Ms. Armentrout contested the named beneficiary's entitlement to the Proceeds and demanded that Sun Life release the Proceeds to the Estate alone.  (*Id.*, Exs. D, E.)  In both letters, Ms. Armentrout asserted that the basis for her claim was the use of community funds to pay

//

---

[1] No party requests oral argument on either of the motions (*see* MID; MDJ), and the court does not consider oral argument helpful in its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

for the life insurance. (*See id.*, Exs. D at 1, E at 1.) On February 20, 2019, Ms. McComb contested Ms. Armentrout's claim through a letter to Sun Life (*id.*, Ex. F), and submitted a claim for Mr. Wheeler's death benefits that same day (*id.*, Ex. G).

Sun Life filed its interpleader complaint on March 12, 2019 (*see id.*), and Ms. McComb answered on March 21, 2019 (*see* Answer (Dkt. # 8)). The Estate did not file an answer. (*See generally* Dkt.) On April 3, 2019, Ms. Armentrout received the complaint and waived service of summons on behalf of the Estate. (Waiver (Dkt. # 12).) Sun Life requested reasonable fees and costs in its complaint. (*See* Compl. ¶¶ 27-34.) After Ms. Armentrout failed to appear, Ms. McComb moved for entry of default against the Estate under Federal Rule of Civil Procedure 55(a) and Local Rule 55(a) (MED (Dkt. # 14)), which the court granted on June 26, 2019 (6/26/19 Order (Dkt. # 17)); *see also* Fed. R. Civ. P. 55(a); Local Rules W.D. Wash. LCR 55(a).

Ms. McComb moved for default judgment against the Estate on October 3, 2019, and requested the full policy proceeds of $332,000. (*See* MDJ.) Soon after, Sun Life filed its motion for leave to deposit interpleader funds with the court and be discharged from the case, which it served on both Ms. McComb and the Estate. (*See* MID at 3.) Ms. McComb consents to Sun Life's requested relief. (*See* MID Resp. (Dkt. # 30) at 1.)

### III.  ANALYSIS

The court first considers its jurisdiction over this interpleader action, before turning to the merits of Sun Life's motion for interpleader and dismissal. The court then considers Ms. McComb's motion for default judgment.

//

**A.   Sun Life's Motion for Interpleader and Dismissal**

     1.     <u>Jurisdiction Over the Interpleader Action</u>

The court has jurisdiction over Sun Life's motion for interpleader and dismissal under both the statute and the rule. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22. An interpleader action allows the stakeholder of a sum of money to bring to court all those who may have a claim to the funds to litigate who is entitled to them. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). An interpleader may file such an action under 28 U.S.C. § 1335 or Federal Rule of Civil Procedure 22. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22; *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988). Under 28 U.S.C. § 1335, jurisdiction exists if there is minimal diversity between claimants and the amount in controversy exceeds $500. *See* 28 U.S.C. § 1335; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Rule 22 interpleader requires an independent basis for federal jurisdiction. *Morongo Band of Mission Indians*, 858 F.2d at 1381. The Employee Retirement Income Security Act ("ERISA") can provide such a basis. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000).

Here, Sun Life brings its motion for interpleader under both 28 U.S.C. § 1335 and Rule 22. (*See* Compl. ¶¶ 22-34.) Because Ms. McComb and Ms. Armentrout are citizens of California and Washington, respectively, and the amount in controversy is $332,000, the requirements for statutory interpleader are satisfied. (*See id.* ¶¶ 9-12); *see also* 28 U.S.C. § 1335. Because the action arises under ERISA, an independent basis for subject matter jurisdiction also exists under 28 U.S.C. § 1331, which satisfies the jurisdictional

requirement for rule interpleader. (*See* Compl. ¶ 1); *see also* Fed. R. Civ. P. 22; *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000) (finding that the court had jurisdiction over an insurer's interpleader action under ERISA). Finally, the court has diversity jurisdiction under 28 U.S.C. § 1332, because there is complete diversity between all parties and more than $75,000 in dispute. (*See* Compl. ¶¶ 7-10); *see also* 28 U.S.C. § 1332.

2. <u>Merits of Sun Life's Motion for Interpleader and Dismissal</u>

A disinterested stakeholder may file an interpleader action when the stakeholder has at least a good faith belief that there are multiple present or prospective colorable claims to the disputed funds. *See Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 889 (9th Cir. 2012). Such good faith belief is warranted if the claim meets a "minimal threshold level of substantiality." *See id.* at 895. This good faith standard is "necessarily low" and not exacting, which protects the stakeholder from multiple claims. *See id.* at 894-96. A stakeholder is not required to "sort out the merits of conflicting claims" or "show that the purported adverse claimant may eventually prevail" provided there is a "real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Id.* at 894-95; *see, e.g., Lincoln Nat'l Life Ins. Co. v. Ridgway*, 293 F. Supp. 3d 1254, 1261 (W.D. Wash. 2018) (finding that the interpleader requirement was met when a beneficiary filed a claim and the daughters of the decedent had sent a letter disputing that beneficiary's right to the funds).

There are two steps to an interpleader action: (1) determination of whether the requirements of interpleader are met; and (2) adjudication of the adverse claims of the

claimants. *Ridgway*, 293 F. Supp. 3d at 1260. "Once the parties are interpleaded to a single fund, disinterested stakeholders may be dismissed." *N.Y. Life Ins. Co. v. Bostwick*, No. C14-5931RJB, 2015 WL 4484305, at *2 (W.D. Wash. Jul. 22, 2015) (citing 28 U.S.C. § 2361). Discharge of the stakeholder may be delayed or denied if there are "serious charges that the stakeholder commenced the action in bad faith." *Mendez v. Teachers Ins. & Annuity Ass'n*, 982 F.2d 783, 788 (2d Cir. 1992).

Here, Sun Life has a reasonable fear of double liability. Defendants have made multiple claims against the Proceeds. (*See* Compl., Exs. B, D-F.) As these conflicting claims are colorable, Sun Life has demonstrated more than a reasonable possibility of facing double liability. *See Michelman*, 685 F.3d at 889. Ms. McComb has already filed a claim with Sun Life, appeared in this action, and moved for default judgment, demonstrating her intention to obtain Mr. Wheeler's death benefits. (*See* Compl., Ex. G.) Although the Estate has not appeared, it sent letters asserting its right to the Proceeds on multiple occasions before Sun Life filed this action, which is sufficient to establish a "colorable competing claim" for purposes of interpleader. (*See id*., Exs. D-E); *Michelman*, 685 F.3d at 894 ("[A] stakeholder must have a good faith belief that there are or may be colorable competing claims."). Thus, the court concludes that interpleader is proper here.

Ms. McComb, the only defendant who has appeared in this case, consents to Sun Life's request to be discharged. (*See* MID Resp.) Furthermore, nothing in the record indicates that Sun Life commenced the action in bad faith or in any other way contributed to the existence of the conflicting claims. (*See generally* Compl., Ex. B-G.) Because Sun

Life has a reasonable fear of multiple claims to the Proceeds and no party has alleged that Sun Life acted in bad faith, both interpleader and dismissal are proper. Accordingly, the court grants Sun Life's motion in full.

**B.      Motion for Default Judgment**

1. <u>Legal Standard</u>

Default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a). First, the clerk enters default against a party who "has failed to plead or otherwise defend." *Id.* Second, the plaintiff must request default judgment. *See* Fed. R. Civ. P. 55(b). Default has already been entered against the Estate here, so the first requirement has been met. (*See* 6/26/19 Order.) Ms. McComb now moves for default judgment against the Estate. (*See* MDJ.)

In reviewing a motion for default judgment, the court takes all well-pleaded factual allegations as true. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). However, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Default does not establish "necessary facts not contained in the pleadings, and claims which are legally insufficient." *Cripps*, 980 F.2d at 1267.

The grant or denial of default judgment is within the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the merits of the plaintiff's substantive claim; (3) the

sufficiency of the claims raised in the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).[2]

    2.    <u>The *Eitel* Factors</u>

This case warrants default judgment because the *Eitel* factors weigh in favor of Ms. McComb.

    *a.*    *Possible Prejudice to the Plaintiff*

The first factor is the possibility of prejudice to the plaintiff. *Eitel*, 782 F.2d at 1471. In interpleader cases, the possibility of prejudice to the moving defendant and to the plaintiff-in-interpleader are both relevant. *See Asuncion*, 43 F. Supp. 3d at 1156. "[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). Both Ms. McComb and Sun Life would suffer prejudice without a resolution of this dispute. The Estate has failed to respond to the action, leaving Ms. McComb with no way to resolve her claim other than default judgment. (*See generally* Dkt.); *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If [the p]laintiffs' motion for default judgment

//

---

[2] While the parties do not cite to any Ninth Circuit interpleader cases involving default judgment and the court has not identified any, this court addressed the issue in 2014. *See Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154 (W.D. Wash. 2014). Although the *Eitel* factors are written as though the plaintiff is moving for default judgment, the court determined that the factors apply equally to co-defendants moving for default judgment. *Id.* at 1156.

is not granted, [the p]laintiffs will likely be without other recourse for recovery.").
Without entry of default judgment, Sun Life will not be able to resolve the claim against the Proceeds and be released from liability. Thus, the first factor weighs in favor of the entry of default judgment.

       b.     *Substantive Merits of the Claim and Sufficiency of the Complaint*

The second and third factors, which are often analyzed together, consider whether the plaintiff has a viable claim. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. In this case, Ms. McComb bases her claim to the Proceeds on her status as the sole named primary beneficiary. (Compl., Exs. B, F.) Both ERISA and the plan documents support this claim. (*See id.*, Ex. A at 56 ("Benefits . . . payable upon the death of the Employee are payable to the Beneficiary living at the time.")); 29 U.S.C. § 1102(b) ("Every employee benefit plan shall . . . specify the basis on which payments are made to and from the plan.").

The Estate bases its competing claim to the Proceeds on Washington community property law, specifically the use of community property to make payments for the life insurance plan. (*See* Compl., Exs. D, E.) As ERISA governs the plan, the validity of this claim turns on questions of preemption. *See Primerica Life Ins. Co. v. Atkinson*, No. C11-5299RBL, 2012 WL 1340496, at *4 (W.D. Wash. Apr. 18, 2012) ("Therefore, any claim of community property under Washington State law is preempted by ERISA."). ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 269 U.S.C. § 1144(a). The Estate here is "attempting to receive the proceeds of an ERISA policy by claiming

is not granted, [the p]laintiffs will likely be without other recourse for recovery.").
Without entry of default judgment, Sun Life will not be able to resolve the claim against the Proceeds and be released from liability. Thus, the first factor weighs in favor of the entry of default judgment.

       b.     *Substantive Merits of the Claim and Sufficiency of the Complaint*

The second and third factors, which are often analyzed together, consider whether the plaintiff has a viable claim. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. In this case, Ms. McComb bases her claim to the Proceeds on her status as the sole named primary beneficiary. (Compl., Exs. B, F.) Both ERISA and the plan documents support this claim. (*See id.*, Ex. A at 56 ("Benefits . . . payable upon the death of the Employee are payable to the Beneficiary living at the time.")); 29 U.S.C. § 1102(b) ("Every employee benefit plan shall . . . specify the basis on which payments are made to and from the plan.").

The Estate bases its competing claim to the Proceeds on Washington community property law, specifically the use of community property to make payments for the life insurance plan. (*See* Compl., Exs. D, E.) As ERISA governs the plan, the validity of this claim turns on questions of preemption. *See Primerica Life Ins. Co. v. Atkinson*, No. C11-5299RBL, 2012 WL 1340496, at *4 (W.D. Wash. Apr. 18, 2012) ("Therefore, any claim of community property under Washington State law is preempted by ERISA."). ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 269 U.S.C. § 1144(a). The Estate here is "attempting to receive the proceeds of an ERISA policy by claiming

community property under state law." *Atkinson*, 2012 WL 1340496, at *4. Thus, ERISA preempts Washington's community property laws, leaving the Estate without claim to the Proceeds. *See id.* The second and third factors thus support default judgment.

    c. *Sum of Money at Stake in the Action*

The fourth factor considers whether the amount of money requested is proportional to the harm caused. *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). This factor is neutral in interpleader actions. *See Asuncion*, 43 F. Supp. 3d at 1156; *W. Conference of Teamsters Pension Plan v. Jennings*, No. C-10-03629 EDL, 2011 WL 2609858, at *3 (N.D. Cal. Jun. 6, 2011). As this is an interpleader case, the $332,000 at stake weighs neither for nor against the entry of default judgment. (*See* Compl. ¶ 12.)

    d. *Possible Dispute Concerning Material Facts*

The fifth *Eitel* factor considers the possibility of a dispute as to any material facts in the case. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Ms. McComb, the only defendant to appear in this case, has admitted the relevant facts. (*See* Answer.) Where the Estate is concerned, because the court assumes all well-pleaded facts are true upon entry of default, it is unlikely that a genuine dispute of material fact exists. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. This factor also weighs in favor of default judgment.

    e. *Whether Default was Due to Excusable Neglect*

The sixth factor "considers the possibility that the default resulted from excusable neglect." *Id.* There is no evidence here of excusable neglect. The Estate received the complaint and waived service of summons. (Waiver.) Since then, neither the Estate nor

Ms. Armentrout has responded in any way. (*See* MED at 1.) Sun Life also served the Estate with the motion for interpleader, which further suggests that the Estate is aware of this action. (*See* MID at 6.) Thus, this factor favors default judgment.

    f.  *Policy Favoring Decisions on the Merits*

While "[c]ases should be decided upon their merits whenever reasonably possible," this factor is not dispositive. *See Eitel*, 782 F.2d at 1472. However, when a party fails to appear, it becomes "impractical, if not impossible to reach a decision on the merits." *Asuncion*, 43 F. Supp. 3d at 1157. This factor weighs against default judgment but does not preclude it.

    g.  *Summary*

In sum, the balance of the factors weigh heavily in favor of default judgment. Therefore, the court grants Ms. McComb's motion for default judgment against the Estate.

  3.  <u>Damages and Fees</u>

When granting default judgment, the court must ensure that the amount of damages claimed is reasonable and supported by the evidence. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 55(b)(2). No party has disputed the amount of the Proceeds in this case. (*See* MID ¶ 3; MDJ at 2; *see generally* Dkt.) Both parties that have appeared in this case, including the party that issued the insurance to Mr. Wheeler, agree that this amount is $332,000. (*See id.*) Thus, the court concludes that the claimed damages are supported by the evidence.

//

## IV. CONCLUSION

Based on the foregoing analysis, the court (1) GRANTS Sun Life's motion for interpleader; (2) GRANTS Sun Life's request to be dismissed from this case; and (3) GRANTS Ms. McComb's motion for default judgment against the Estate. In addition, the court ORDERS Sun Life to deposit $332,000.00, together with applicable interest, into the registry of the court as interpleader funds pursuant to 28 U.S.C. § 1335(a)(2).

Dated this 28th day of January, 2020.

JAMES L. ROBART
United States District Judge